PATTERSON, Judge.
The appellant, Scott W. Taylor, appeals from the circuit court’s dismissal of his petition for a writ of habeas corpus, contesting the calculation by the Alabama Department of Corrections of his release date from prison. In contending that he has not been credited the correct amount of correctional incentive time pursuant to § 1441-41, Code of Alabama 1975, Taylor provided the mathematical calculations reflecting correctional incentive time deductions earned as a Class I, a Class II, and a Class III prisoner, as those classifications are defined and governed by § 14-9-41. He asserted in his petition that he has been in Class I earning status since January 4,1995, and claimed that such status is proof that he has been through the Class II and III classifications, as required by § 14 — 9—41 (c)(5) (“No inmate may reach any class without first having gone through and [met] the requirements of all lower classifications.”). As documentary support of his claim that the Department’s calculation of his release date is incorrect, Taylor attached to his petition a letter to him from the Department’s director of central records that states “Your computation is incorrect, in that you were never in Class III. The amount of jail credit determines your class placement.”
In its answer to Taylor’s petition, the state made no attempt to refute Taylor’s allegations other than by attaching an affidavit of the director and an accompanying letter, which states: “This is to certify that Scott Taylor’s release date of 9-16-96 is correct. As stated to him in my letter of 4-12-96 (copy attached), sentences are computed differently based upon the amount of jail credit received. The amount of jail credit determines which earning class one begins in.” The state has not to this court or to the circuit court any method or process by which it has arrived at Taylor’s minimum release date. In fact, the state has failed to disclose how much, if any, correctional incentive time the Department has credited to Taylor. Rather, it submitted mere general conclusions, which do not rebut Taylor’s specific allegations.
Because according to Taylor’s calculations he should have been released on July 26, 1996, rather than on September 12, 1996, as the Department asserts, we are expediting this appeal. We remand this case for the circuit court to hold an evidentiary hearing and have the circuit clerk make due return to this court at the earliest possible time and within 7 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.